NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-670


HUBERT ARVIE

VERSUS

GEICO CASUALTY COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2021-3843
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

D. KENT SAVOIE

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Candyce G. Perret, Judges.


MOTION TO COMPEL SUBSTITUTION OF PARTY-APPELLEE
DENIED.

**James Huey Gibson**
**Anna M. Grand**
**Gibson Law Partners**
**Post Office Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Christian D. Chesson**

**Van Clifton Seneca**
**Plauche, Smith & Nieset**
**435 10th Street**
**Lake Charles, LA 70601**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Mark Dejean**
**Merric Dejean**

**Hubert Arvie**
**In Proper Person**
**1901 Knapp Street**
**Lake Charles, LA 70601**
**(337) 244-6776**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Hubert Arvie**

**Angela Arvie**
**In Proper Person**
**411 North Blake Street**
**Lake Charles, LA 70601**
**(337) 563-7655**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Angela Arvie**

**SAVOIE, Judge.**

Appellant, Hubert Arvie, *pro se*, filed a Motion and Order to Compell [sic] the Substitution of Party-Appellee. This court issued a rule to show cause to counsel for Appellee, Mark DeJean (Mark), "why the Legal Successor Representatives or Heirs should not be substituted in the stead of Mark DeJean." For the reasons stated herein, we deny Mr. Arvie's motion.

Mr. Arvie alleges that Mark DeJean rear-ended him while driving a truck owned by Merric DeJean, Mark DeJean's father. The truck was insured with Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau). Mr. Arvie asserted a claim against Farm Bureau. In exchange for a release for itself and the insureds, Mark and Merric DeJean, Farm Bureau paid its policy limits.

Almost two years after the accident, Mr. Arvie filed the instant uninsured motorist suit, asserting therein that he has not been fully compensated for his alleged injuries. Mr. Arvie also listed Mark and Merric DeJean as defendants to this lawsuit. Farm Bureau retained counsel to represent Mark and Merric DeJean who subsequently filed exceptions of prescription and res judicata. The exceptions were granted on May 26, 2022, dismissing Mark and Merric DeJean from the lawsuit. Notice of judgment was mailed to the parties on June 7, 2022.

Mr. Arvie filed the instant appeal on August 5, 2022. At issue herein is Mr. Arvie's Motion and Order to Compell [sic] the Substitution of Party-Appellee. Mr. Arvie explains that on July 24, 2022, Mark DeJean passed away. Mr. Arvie states in his motion that on November 30, 2022, he called the civil records department for the Fourteenth Judicial District Court and was advised that a succession for Mark DeJean had not yet been filed. In support of his motion, Mr. Arvie refers to La.Code Civ.P. art. 801 which provides:

When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.

As used in Articles 801 through 804, "legal successor" means:

(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and

(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

Since Mark DeJean's legal succession representatives have not sought to be substituted for Mark DeJean, Mr. Arvie submits that this court should order Van Seneca, counsel for Mark DeJean, to show cause why the addresses of Mark DeJean's legal succession representatives should not be provided to Mr. Arvie for the purpose of substituting them as party defendants in the stead of Mark DeJean. Mr. Arvie cites *Cortes v. Fleming*, 307 So.2d 611 (La.1974), wherein the supreme court granted a rehearing because the original judgment of the court was rendered against a deceased party (the defendant) and was an absolute nullity. When the case was called for rehearing, no proper substitution of parties had yet been made due to the plaintiff's ignorance of the identity of the defendant's legal successor(s). The Chief Justice, in open court, subsequently directed counsel for the deceased defendant to make available such information to the plaintiff. Counsel subsequently filed a brief on behalf of the deceased defendant arguing, in part, that the plaintiff's action for alimony abated upon the defendant's death and that the plaintiff could no longer enforce her right to alimony because the deceased defendant was unrepresented. Proceeding under Articles 801 through 807 of the Louisiana Code of Civil Procedure, the plaintiff filed a Motion and Order to Summon Legal Successor of Deceased Defendant. The motion was granted, and service was made on the daughter of the deceased defendant to appear and substitute herself within eighty days of service. She did not appear to be substituted. The plaintiff

2

then filed an additional Motion and Order to Summon Legal Successor of Deceased Defendant/Respondent, alleging that the deceased defendant's son should be substituted as party defendant. Because his whereabouts were unknown, the court was asked to appoint an attorney to represent the deceased defendant and all other heirs, succession representative, and other persons who may have an interest in the deceased defendant's succession. The motion was granted.

Likewise, in the instant case, Mr. Arvie maintains that if Mr. Seneca cannot show good cause why the addresses of Mark DeJean's legal successors should not be provided, the court should order Mr. Seneca to provide the information to Mr. Arvie. If Mr. Seneca is not aware of the legal succession representatives whereabouts, Mr. Arvie asks this court to appoint an attorney to represent the legal succession representatives and other persons who may have any interest in the succession of Mark DeJean.

In response to the rule to show cause issued by this court on December 20, 2022, Mr. Seneca states that Uniform Court of Appeal, Rule 2-9 provides that "[t]he rules and procedures for substitution of parties provided by LSA-C.C.P. arts. 801-897 shall regulate the substitution of parties" in the appellate court. Mr. Seneca adds that he has reviewed the Fourteenth Judicial District Court clerk's records and found no succession opened for Mark DeJean. Further, he does not know the identity of Mark DeJean's heirs or legatees and does not know of anyone who has accepted Mark DeJean's succession. Mr. Seneca has no reason to believe that anyone would be willing to be substituted as a party in this case.

Louisiana Code of Civil Procedure Article 802 provides:

> On ex parte written motion of any other party, supported by an affidavit of the truth of the facts alleged, the court may order the issuance of a summons to the legal successor to appear and substitute himself for the deceased party. This summons shall show the title and docket number of the action, and the name and address of the court where the action is pending.

3

Even if a legal succession had been identified, Mr. Seneca maintains he has no legal authority to file a motion for the issuance of the summons contemplated by Article 802. He further stated that he is also not in a position to execute the affidavit necessary for the issuance of a summons.

If a summons were to be issued, Mr. Seneca directs this court to Article 803 which provides instructions on how to proceed:

> A. When the name and address of the legal successor is known, and he is a resident of the state, he shall be summoned to appear and substitute himself for the deceased party within thirty days of the date the summons is served on him.
> B. When the name and address of the legal successor is known, but he is a nonresident or absentee, he shall be summoned to appear and substitute himself for the deceased party within sixty days of the receipt of the summons through registered or certified mail.
> C. If the name or address of the legal successor is unknown, the summons shall be by two publications not less than fifteen days apart in a newspaper published in the parish where the action is pending and in the parish of the domicile of the deceased party, which shall summon him to appear and substitute himself for the deceased party within sixty days of the first publication. The summons shall be addressed to the legal successor by name, if the latter is known; and otherwise shall be addressed to "The legal successor of _____, deceased".

Since the name or address of the legal successor is unknown, if the appointment of a legal successor were appropriate, the publication requirements and legal delays of subsection C would apply. No publication, however, has occurred nor have the delays begun to run. Mr. Seneca complains that Mr. Arvie, ostensibly, intends to skip the steps set forth in Articles 802 and 803, since the order he submitted to this court has no provision for complying. The order submitted by Mr. Arvie contains the following provision:

> If Seneca is unable to provide the address of Mark's Legal Representative or Heirs to Arvie, the court will appoint an attorney to represent the interest of all heirs, Legal Succession Representatives, and other persons who may have any interest in the succession of Mark, the party-appellee, upon the failure to Seneca to do so.

Mr. Seneca asserts that the fact that he cannot produce a succession representative does not mean that this court should appoint an attorney as suggested by Mr. Arvie. Article 804 provides:

> When the legal successor fails to appear and substitute himself for the deceased party within the delay allowed in the summons, on ex parte written motion of any other party, the court may:
> (1) Dismiss the action as to the deceased party, with or without prejudice, if the deceased was a plaintiff; or
> (2) When the legal successor of a deceased defendant has not been served by personal or domiciliary service with summons to appear and substitute, appoint an attorney at law to represent such legal successor, and the action shall be proceeded with contradictorily against the attorney at law.

Because no summons has been issued, served, or published, and no legal delays have run, Mr. Seneca maintains that this case is not in a proper posture for appointing an attorney to represent any legal successor. Further, if this court were to appoint an attorney to represent a legal successor, Mr. Seneca states that the attorney should assert the same exceptions that were raised by Mark DeJean because the case is prescribed on its face and settled. Mr. Seneca points out that the attorney, however, would have no means of being compensated.

Mr. Seneca concludes that Mr. Arvie takes the doctrine of affording liberal construction to the pleadings of a *pro se* litigant to the extreme. Pursuant to La.Code Civ.P. arts. 863(B) and 1420(B), pleadings and discovery are required to be warranted by existing law and not designed to harass, cause unnecessary expense, or be unduly burdensome. Mr. Seneca maintains that Mr. Arvie's request for this court to allow him to needlessly burden another lawyer exemplifies a belief that none of the rules applicable to other litigants apply to him. The court in *Arvie v. Tanner*, 2012 WL 3597127 (E.D. La. 2012), recognized that Mr. Arvie has a history of filing frivolous lawsuits. His filing here, Mr. Seneca contends, are consistent with his prior behavior. Also, Mr. Seneca points out that Mr. Arvie is not spending anything to assert his positions since he is proceeding *in forma pauperis*, whereas responding is quite

expensive. Mr. Seneca request that this court curtail Mr. Arvie's behavior and not appoint an additional attorney to defend this case.

We note, first, that Mr. Seneca indicates he does not know the identity of Mark DeJean's heirs or legatees or of anyone who has accepted Mark DeJean's succession. Further, we find that Articles 801 through 804 do not provide for the relief sought by Mr. Arvie. Accordingly, we hereby deny Mr. Arvie's motion to compel the substitution of a party-appellee.

**MOTION TO COMPEL SUBSTITUTION OF PARTY-APPELLEE DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.